IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| FREDDIE LEE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-026 |
| | ) |
| TONY HOWERTON, Warden, individually | ) |
| and in his official capacity, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia.

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

I.  **BACKGROUND**

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) James Donald, the Former Commissioner of the Georgia Department of Corrections ("GDOC"); (2) the GDOC; (3) Tony Howerton, Warden, (4) ASMP; and (5) Harinderjit Singh, a doctor.³ (Doc. no. 1, pp. 1, 4).

Plaintiff alleges that on November 11, 2006, he underwent eye surgery to have a cataract removed from his left eye. (Doc. no. 1, p. 5). According to Plaintiff, Defendant Singh performed the surgery. (Id.). However, Plaintiff alleges that instead of removing the cataract by laser, Defendant Singh cut if off and in the process cut Plaintiff's eyeball. (Id.). Plaintiff further alleges that Dr. Singh put six stitches in Plaintiff's left eyeball to repair the damage. (Id.). The stitches were later removed. (Id.). Plaintiff asserts that as a result of Defendant Singh's actions, he is permanently blind in his left eye. (Id.). Plaintiff also alleges that his neck was injured in the surgery because he claims that Defendant Singh placed it in a bad position when he put Plaintiff to sleep. (Id.). As a result, Plaintiff states that his neck hurts when he attempts to turn his head to the left. (Id.).

Plaintiff alleges that he has seen various doctors since his surgery, and they all maintain that there is nothing they can do for his eye or neck. (Id.). As such, Plaintiff asserts that Dr. Singh was deliberately indifferent to Plaintiff's health, in violation of the Eighth Amendment.

---

³Plaintiff sues Defendants Donald, Howerton, and Singh in their official and individual capacities. (Doc. no. 1, pp. 1, 4).

Plaintiff also names James Donald, the GDOC, Tony Howerton, and ASMP as Defendants because he claims that it was per their policy that Defendant Singh was contracted to perform the surgery. (Id.). Plaintiff further states that these Defendants violated the Eighth Amendment because they purportedly did not have a policy that insured Plaintiff received adequate eye care. (Id.). Plaintiff seeks injunctive relief and monetary damages. (Id. at 6).

## II. DISCUSSION

### A. Claims Against Dr. Singh

Plaintiff commenced the above-captioned case on February 24, 2009[4]; the alleged constitutional violations occurred on November 11, 2006, when he underwent eye surgery to have a cataract removed from his left eye. Plaintiff's claims are clearly subject to dismissal under the applicable two-year statute of limitations in Georgia. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under § 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562. The incident Plaintiff raises in his complaint occurred in November of 2006, but Plaintiff did not file the

---

[4]Plaintiff's complaint is deemed to be filed, under the "mailbox rule," on February 24, 2009. Houston v. Lack, 487 U.S. 266, 266-67 (1988).

3

instant lawsuit until February of 2009, approximately two years and three months after the events in question occurred.

As Plaintiff's claims regarding his 2006 eye surgery are time-barred, he has failed to state a claim upon which relief may be granted against Dr. Singh.

### B. Claims Against Defendants Donald and Howerton

Plaintiff also alleges that Defendants Donald and Howerton were deliberately indifferent to his health because of a purported policy that resulted in Plaintiff being treated by Dr. Singh. These Defendants have specifically been mentioned because of their supervisory positions; however, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that these Defendants were personally involved with the purported constitutional violations. In fact, Plaintiff acknowledges that he is attempting to hold them liable solely based on the policy they purportedly implemented. (Doc. no. 10, p. 5).

Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and the alleged constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.

1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[5] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has proffered no allegations to suggest that the above-named Defendants knew about any widespread abuse. However, Plaintiff does state in a conclusory fashion that they were responsible for a policy which somehow resulted in Plaintiff purportedly not receiving proper medical treatment. Plaintiff states:

> Plaintiff [] was scheduled by ASMP for cataract surgery. Surgery was to be performed by Defendant [] Singh, an outside eye care specialist who was contracted by policy of [] Defendants [] Donald, [] GDOC, []Howerton, and ASMP, to provide eye care services. . . . The deliberate indifference by [] Defendants [] Donald, [] GDOC, []Howerton, and ASMP, to provide a policy to insure that Plaintiff received adequate eye care deprived Plaintiff . . . of serious medical need, violat[ing] his Eighth Amendment Rights and constituted cruel and unusual punishment.

(Doc. no. 1, p. 5). This statement is insufficient to support a claim that Defendants were

---

[5] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

5

deliberately indifferent toward Plaintiff's medical needs. Plaintiff does not identify what policy he claims resulted in a purported constitutional violation. Neither does he allege how this unspecified policy contravened any constitutional right. Simply saying a policy resulted in a constitutional violation, or using words such as "deliberate indifference" and "cruel and unusual punishment," does not elevate a claim to the point of actually alleging a deprivation of rights of constitutional proportions. LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (noting section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation).

In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Donald and Howerton.

### C. Claims Against the GDOC

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint also fails to state a claim for relief against the GDOC, a state agency. That is, Plaintiff fails to set forth any allegations that the GDOC - as an entity - is responsible for any possible constitutional violation and fails to explain how the GDOC is capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of a specific individual.

In addition, as noted above, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca, 995 F.2d at 1538. In the absence of an allegation of

any such connection between any actions of the GDOC with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant.

Moreover, to the extent Plaintiff seeks monetary damages from the GDOC, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Simply put, "[t]here can be no doubt [] that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment). Thus, Plaintiff has not asserted any viable claims against the GDOC.

### D. Claims Against ASMP

Plaintiff has also sued ASMP. Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court also finds that the complaint fails to state a claim for relief against ASMP. Specifically, as noted in Part II A, *supra*, employers, like supervisory officials, cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp. 2d 1330, 1333-34 (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that an employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). Additionally, as with the GDOC, Plaintiff fails

7

to set forth any allegations that ASMP- as an entity - is responsible for any possible constitutional violation and fails to explain how ASMP is capable of being sued for any improper actions that are alleged to have occurred as the result of the actions of a specific individual.

As previously noted, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca, 995 F.2d at 1538 (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between any actions of ASMP with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant.

### III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff's claims against Dr. Singh are barred by the statute of limitations and that Plaintiff failed to state a claim upon which relief can be granted against the remaining Defendants: Donald, the Georgia Department of Corrections, Howerton, and Augusta State Medical Prison. Therefore the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** in its entirety, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE