IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FREDDIE LEE DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 109-026 |
| TONY HOWERTON, Warden, individually and in his official capacity, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended dismissal of Plaintiff's case because Plaintiff's claim against Dr. Singh is barred by the statute of limitations, and because Plaintiff failed to state a claim upon which relief can be granted against the remaining Defendants: James Donald, the Georgia Department of Corrections, Tony Howerton, and Augusta State Medical Prison. (Doc. no. 10). As Plaintiff's objections do not address the Magistrate Judge's findings concerning Defendants James Donald, the Georgia Department of Corrections, Tony Howerton, and Augusta State Medical Prison, the Court will focus it attention on whether Plaintiff's claim against Dr. Singh is barred by the statute of limitations.

Plaintiff's complaint provides that on November 11, 2006, he underwent eye surgery to have a cataract removed from his left eye. (Doc. no. 1, p. 5). According to Plaintiff,

Defendant Singh performed the surgery, but instead of removing the cataract by laser, Defendant Singh cut if off and in the process cut Plaintiff's eyeball. (Id.). Plaintiff asserts that as a result of Dr. Singh's actions, he is permanently blind in his left eye. (Id.). Plaintiff alleges that he has seen various doctors since his surgery, and they all maintain that there is nothing they can do for his eye. (Id.).

Plaintiff objects to the Magistrate Judge's finding that his claim against Dr. Singh is barred by the statute of limitations. (Doc. no. 12). Plaintiff maintains that his claim against Dr. Singh is not barred because it "should come under the 'continuing tort doctrine' because of its progressive nature." (Id. at 1-2). The Court disagrees.

The continuing tort violation doctrine holds that a plaintiff's action is not time-barred where some of the alleged violations occurred within the statutory period, even though other violations did not, because the early acts were part of a continuing wrong. Price v. Owens, – F.Supp. 2d – , 2009 WL 1971369, Civil Case No. 109-493-TCB *3 (N.D. Ga. Apr. 28, 2009) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001)). Stated otherwise, the statute of limitations is tolled so long as the victim could not in the exercise of ordinary care, have learned of it. Smith v. Tandy Corp., 738 F.Supp. 521, 523 n.1 (S.D. Ga. 1990) (citation omitted). "Georgia courts have consistently held that . . . a continuing tort cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof." Tomczyk v. Jocks & Jills Restaurants, LLC, 198 Fed. App'x. 804, 813 (11th Cir. 2006) (citing Waters v. Rosenbloom, 490 S.E.2d 73, 75 (Ga. 1997)).

"The critical distinction in the continuing violation analysis is whether the plaintiff

complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Price, 2009 WL 1971369 at *3 (citing Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003)). Indeed, the Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1335 (11th Cir. 2006). Therefore, "If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine." Hipp, 252 F.3d at 1222.

In the instant action, the Court finds no justification for applying the continuing tort doctrine. Plaintiff alleges that on November 11, 2006, Dr. Singh performed a surgery on Plaintiff's left eye that resulted in permanent damage. Plaintiff argues that his injury is progressive because the complete loss of his eyesight was gradual, and the loss of eyesight varied in degrees from after the surgery until it was ultimately lost. (Doc. no. 12, p. 2). As such, Plaintiff concludes that the time for accrual concerning the statute of limitations should only begin with Plaintiff's last diagnosis, when he learned that he was permanently blind.

Here, it is undisputed that Plaintiff was fully aware of the tortious act allegedly committed by Dr. Singh at the time it occurred. In fact, Plaintiff acknowledges that he was injured by the surgery; for example, Plaintiff states, "Although Plaintiff knew from the time of his surgery that he was injured . . . ," and "Plaintiff has been going to doctors since the surgery took place for evaluation and treatment to determine if they could stop the deteriorating condition or find out whether or not the injury was permanent." (Id. at 2).

Plaintiff is complaining of the consequences of a one-time event that occurred in 2006; Plaintiff admitted he was aware that he was injured as a result of that 2006 event. Therefore, the continuing tort doctrine does not apply, and Plaintiff was required to file his suit within two-years of the November 2006 event. As such, Plaintiff's claim against Dr. Singh is barred by the statute of limitations, and Plaintiff's objection is **OVERRULED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's case is **DISMISSED** in its entirety, and this case is **CLOSED**.

SO ORDERED this 23rd day of July, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff requests that the Report and Recommendation be dismissed and that his case be heard in its entirety. (Doc. no. 12, p. 3). As Plaintiff's objection is overruled, and Plaintiff has not offered any information that alters the Magistrate Judge's analysis, his request is **DENIED**.